UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS,

Defendant.

Case No. 08-5362RJB

ORDER DENYING MOTION TO DECLARE MATTERS ADMITTED

This matter comes before the Court on the Defendant's Motion Under Rule 36(a)(6) to Declare Matters Admitted (Dkt. 37). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 6, 2008, Plaintiff filed a Complaint against Defendant alleging violations of the Fair Labor Standards Act (Dkt. 1). On April 17, 2009, the Defendant served its Requests for Admission on the Plaintiff. Dkt. 37 at 2. On May 19, 2009, the Defendant requested that the Plaintiff supplement their original answers. Dkt. 39 at 1. The Plaintiff submitted their supplemental answers on May 26, 2009. Dkt. 39 at 1. On May 27, 2009, the Defendant filed this current motion.

**II. DISCUSSION**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

ORDER - 1

party's claim or defense." Fed.R.Civ.P. 26(b)(1). Pursuant to Fed.R.Civ.P. 36(a), a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents.

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that is has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*. A "response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter." *Asea, Inc. v. Southern Pacific Transportation*, 669 F.2d 1242, 1247 (9th Cir. 1981).

"The requesting party may move to determine the sufficiency of an answer or objection." Fed.R.Civ.P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id*.

In this case, the Defendant requests that the Court deem admitted the matters asserted in Defendant's Request for Admission 15, 19-20, 22-23, 26, 28, and 30-32. The Defendant argues, in essence, that the Plaintiff did not follow the letter and spirit of the requirements in Fed.R.Civ.P. 36(a). The Plaintiff argues that they did fulfill the requirements of Fed.R.Civ.P. 36(a) by making a reasonable inquiry and that the information that was readily available was insufficient to enable them to admit or deny the matter. The Court is persuaded that the Plaintiff did, in fact, make a reasonable inquiry regarding the Request for Admissions and that the readily obtainable information was insufficient to admit or deny the matter asserted. The Plaintiff states that the files were reviewed and were found insufficient. The Plaintiff then made the further attempt to find information by contacting the employees or former employees. When the Plaintiff was unable to locate or contact the individual, the Plaintiff stated that they did not possess sufficient information to truthfully admit or deny the request. It appears that the Plaintiff

ORDER - 2

1 did make a reasonable inquiry.

2 The Defendant, in their reply, argues that the information to admit or deny was readily obtainable, and cite various documents and the deposition of Roberta Sondgeroth to support their position. The Court is not convinced that the statements made by the employees, the information in the documents presented, and the deposition of Roberta Sondgeroth is enough to admit or deny a matter. The statements made by some employees were ambiguous because it was unclear when the "flex time" was taken. Other employees qualified their statements with words like "usually," "guess," "on average," or other such language. At times some employees contradicted themselves in the statements. Roberta Sondgeroth's deposition does nothing to clarify the situation. Certainly, further investigation is warranted before admitting or denying the truthfulness of the statements. As noted above, the Plaintiff did make a reasonable inquiry to determine the factual accuracy of the statements. As such, the information was not readily obtainable to admit or deny when the Plaintiff was not able to contact the employees.

The Plaintiff did not have information readily available to admit or deny, and the Plaintiff did make a reasonable inquiry. Therefore, the Plaintiff may assert lack of knowledge or information as a reason for failing to admit or deny, and the Defendant's motion should be denied.

**III. ORDER**

For the foregoing reasons, it is hereby ORDERED that:

The Defendant's Motion Under Rule 36(a)(6) to Declare Matters Admitted (Dkt. 37) is **DENIED**.

DATED this 26th day of June, 2009.

ROBERT J. BRYAN
United States District Judge