UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS,

    Defendant.

Case No. 08-5362RJB

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Dkt. 52), and Defendant's Motion for Summary Judgment (Dkt. 55). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 6, 2009, Plaintiff Secretary of Labor ("Secretary") filed a Complaint alleging that the Defendant, Washington State Department of Corrections ("DOC"), violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Dkt. 1). The Secretary specifically alleged that DOC violated the record keeping provision, 29 U.S.C. § 211, and the overtime provision, 29 U.S.C. § 207 of FLSA. The Plaintiff is seeking monetary relief for employees listed in an attachment to the Complaint ("Exhibit A employees") under 29 U.S.C. § 216, and injunctive relief under 29 U.S.C. § 217.

ORDER - 1

On July 21, 2009, Plaintiff moved for partial summary judgment on the issue of record keeping, and the Defendant's affirmative defenses of waiver and laches. (Dkt. 52). On the same day, Defendant moved for summary judgment on all claims. (Dkt. 55). The two motions will be considered together by issue. The facts of the case are recited in the parties' pleadings and shall not be repeated here, except through reference to the record.

**II. DISCUSSION**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

FLSA was enacted to protect all covered workers from substandard wages and oppressive working hours. *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999) *(citing Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 67 L.Ed.2d 641, 101 S.Ct. 1437 (1981)). FLSA applies to state and municipal employers. *Id*. FLSA is to be liberally construed to apply to the furthest reaches consistent with Congressional direction. *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000).

**A. FLSA Record Keeping**

Every employer subject to any provision of the FLSA "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). "It shall be unlawful for any person... to violate any of the provisions of [29 U.S.C. § 211]." 29 U.S.C. § 215(a)(5).

Employers must keep a record of hours worked each workday and total hours worked each workweek for each employee. 29 C.F.R. § 516.2(a)(7). For employees working on fixed schedules, an employer may maintain records showing the schedule of daily and weekly hours the employee normally works instead of the hours worked each day and each workweek as required by 29 C.F.R. § 516.2(a)(7). 29 C.F.R § 516.2(c). In weeks in which more or less than the scheduled hours are worked, the employer must show exact number of hours worked each day and each week. 29 C.F.R. § 516.2(c)(2).

No particular order or form of records is prescribed by the regulations in this part. 29 C.F.R. § 516.1(a). However, every employer subject to any provisions of the Fair Labor Standards Act of 1938 is required to maintain records containing the information and data required by the specific sections of [part 516]. 29 C.F.R. § 516.1(a).

The Plaintiff moves for partial summary judgment on the issue of whether the Defendant has violated the record keeping provision of FLSA. The Defendant also moves for summary judgment on this issue. The separate motions will be addressed in order.

Plaintiff alleges that Defendant did not keep actual hours worked in accordance with the record keeping provision of the FLSA. Dkt. 52 at 6. Plaintiff also alleges that "Defendant attempted to avoid its responsibilities by assigning 'fixed schedules' to CCOs," and that the "idea of 'fixed schedules' for CCOs is a sham." Dkt. 52 at 7. Plaintiff states that since this case does not fall under the "fixed schedules exception," the Defendant was required to keep track of actual hours worked on a daily and weekly basis. *Id*. Plaintiff states that the CCOs' daily hours would vary from day to day, and that to accommodate the variations from the fixed schedules, the CCOs were allowed to "flex" their schedule. Dkt. 52 at 2. It is alleged by Plaintiff that Defendant did not keep any record of this flexing. Dkt. 52 at 3. Plaintiff argues that even though the Defendant does maintain a record of the overtime hours, it does not maintain a record of "other hours" worked during the overtime week. *Id*. Plaintiff further argues that even if the fixed schedule exemption did apply, the Defendant failed to meet the requirements of that section by keeping records of actual hours worked when the employee deviated from the fixed schedule. *Id*.

Defendant responds by asserting that it properly used the fixed schedule exemption and that it did keep records in accordance with the law. Dkt. 66 at 3-4. Defendant states that the employees were expected to work a fixed schedule and if employees did work more than 40 hours per week, they were expected to report those exceptions on a form and submit it for approval. Dkt. 66 at 4. Defendant states that employees that submitted a form were paid for all overtime reported. Dkt. 66 at 4-5. Additionally, Defendant argues that the reporting requirement of actual hours only pertains to situations where an employee works more or less than 40 hours in a week, and that it does not apply to situations where employees work 40 hours in a week, despite variations from the fixed schedule. Dkt. 66 at 4-5. Finally, Defendant responds by asserting that any violation of the record keeping provision of FLSA is remedied by DOC's new timekeeping system, that was effective on November 28, 2007. Dkt. 66 at 12.

The Court believes that there are genuine issues of material fact. While there is evidence that employees were required to submit forms in order to work overtime and that time was recorded, it is uncertain whether *all* employees that "flexed" their schedule and worked overtime had their hours recorded, whether it was actual hours or otherwise. The Plaintiff states that

ORDER - 4

1 "Defendant kept no records of such 'flexing.'" Dkt. 52 at 3. While this may be true, it does not
2 say anything about whether the employees doing the flexing were actually performing overtime
3 work. The Defendant, in its response, only stated that employees were paid for all overtime
4 reported in accordance with DOC procedure. Dkt. 66 at 4-5. The Defendant does not address
5 those who did not report overtime according to DOC procedure. The central issue of how
6 employees that "flexed" their schedule and worked overtime were dealt with is unaddressed by
7 either party, and, therefore, it is inappropriate to grant summary judgment at this time.

8 This Court does not reach the issue of interpretation of the statute, as is urged by the
9 Defendant, since such analysis would be pointless without knowing how employees that "flexed"
10 their schedule without submitting an overtime form were dealt with. For the foregoing reasons,
11 the Plaintiff's Motion for Partial Summary Judgment on the issue of Defendant's violation of
12 record keeping should be denied.

13 The Defendant makes a substantially similar argument in its Motion for Summary
14 Judgment as in its response to the Plaintiff's Motion for Partial Summary Judgment. Dkt. 55 at
15 14-15. The Plaintiff, in her response to Defendant's Motion for Summary Judgment, make
16 arguments similar to her arguments on Plaintiff's Motion for Partial Summary Judgment. Dkt. 68
17 at 7-8. Again the record is silent as to how the employees who flexed their schedule and worked
18 overtime were dealt with. The Defendant merely states that all approved overtime was recorded
19 and paid, and the Plaintiff asserts that DOC did not keep a record of actual hours worked each
20 day. *See* Dkt. 55 at 10, and Dkt. 68 at 8. Since the record is unclear, there is a genuine issue of
21 material fact as to whether there was a record of overtime hours for those who flexed their
22 schedule and worked overtime. For the foregoing reasons, the Defendant's Motion for Summary
23 Judgment as to the issue of whether the DOC violated the record keeping provision of the FLSA
24 should be denied.

25 **B. FLSA Overtime Compensation**

26 "No employer shall employ any of his employees... for a workweek longer than forty
27 hours unless such employee receives compensation for his employment in excess of the hours
28 above specified at a rate not less than one and one-half times the regular rate at which he is

employed." 29 U.S.C. § 207(a)(1). "It shall be unlawful for any person... to violate any of the provisions of... [29 U.S.C. § 207]." 29 U.S.C. § 215(a)(2).

The Defendant, in its Motion for Summary Judgment, asserts that all Exhibit A employees were paid for the hours they worked. Dkt. 55 at 15. The Defendant makes several arguments supporting its assertion, including:

(1) The Secretary needs to provide specific evidence as to each individual that worked additional hours.
(2) Even if the Secretary presents such evidence, it does not prove DOC's liability since it must still prove that the activities constitute "hours worked" under the FLSA.
(3) The Secretary is only responsible for activities that benefit the employer and the employer knew or should have known about them.
(4) Defendant states that the State and DOC prohibited unapproved overtime work; that DOC paid for reported overtime work; and DOC went to lengths to prevent overtime work.

Dkt. 55 at 16-17.

The Plaintiff responds by asserting that not all employees have been paid for all hours worked. Dkt. 68 at 8. Plaintiff argues that while Defendant was able to find a few employees that claimed they have not worked any uncompensated overtime, it does not establish that all employees were compensated for overtime. *Id*. Plaintiff also addresses the Defendant's arguments regarding the definition of work and whether employer knowledge is required to create liability. Dkt. 68 at 9-12.

Plaintiff presents sufficient evidence to create a genuine issue of material fact as to whether employees worked overtime hours, and whether DOC knew of the overtime hours. Plaintiff alleges that employees consistently worked more than 40 hours in a week. Dkt. 68 at 3. Additionally, Plaintiff alleges that "Supervisors were aware fo the extra hours worked." Dkt. 68 at 4. It would be inappropriate at this time to grant summary judgment as to the issues of overtime compensation.

**C. Law Enforcement Exception**

FLSA creates an exception for law enforcement regarding overtime requirements. *See* 29 U.S.C. § 207(k). The law enforcement exception allows employers to calculate overtime using a work period from seven days to 28 days, instead of a standard seven-day workweek. *Id*. The

ORDER - 6

overtime threshold for a seven-day period is 43 hours, and the overtime threshold for a 28-day period is 171 hours. *Id*. The law enforcement exception applies to employees who: (1) are uniformed or plainclothed member of a body of officers and subordinates who are empowered by State statute to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes, (2) have the power to arrest, and (3) are trained in such areas including physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid and ethics. *See* 29 C.F.R. § 553.211.

The Defendant, in its Motion for Summary Judgment, asserts that the FLSA law enforcement exception should apply to CCOs and some CCSs based on their duties and responsibilities. Dkt. 55 at 18-19. Defendant alleges that the CCOs have the power to monitor and supervise court-ordered terms of offenders' community custody or supervision; they have the authority to search; and they must maintain defensive-tactics qualifications and other training requirements. Dkt. 55 at 19. Defendant also argues that a number of CCSs meet the requirements under 29 C.F.R § 553.211. *Id*.

The Plaintiff responds by asserting that the FLSA law enforcement exception does not apply in this situation because the Defendant has not met certain conditions for the exception to apply. Dkt. 68 at 13. The Plaintiff states that a public agency does not violate the law enforcement exception if the employee receives compensation at a rate not less than one and one-half times the regular rate for hours worked over the average number in a work period of between seven and 28 days. *Id*. Plaintiff alleges that Defendant did not pay CCOs in accordance with the requirements of the exception, instead agreeing to pay CCOs in accordance with the Collective Bargaining Agreement. *Id*.

It is uncertain, based on the allegations provided, whether the law enforcement exception applies in this case. Since there is a genuine issue of material fact regarding whether the CCOs and CCSs meet the definition of law enforcement employees and whether the law enforcement exception applies, the Defendant's Motion for Summary Judgment should be denied.

ORDER - 7

**D. Representative Testimony -** *Anderson v. Mt. Clemens Pottery Co.*

Where an employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, an employee must prove that the employee worked uncompensated hours and present evidence as to the amount and extent of that work that is a "just and reasonable inference." *Anderson, et al. v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to "negative the reasonableness fo the inference to be drawn from the employee's evidence." *Id.* at 687-88.

The Defendant in its Motion for Summary Judgment asserts that the Plaintiff may not use *Anderson v. Mt. Clemens*, 328 U.S. 680 (1946), to justify Plaintiff's use of generalizations. Defendant alleges that there are variations among Exhibit A employees which prevent any generalization about work performed by non-testifying employees. Dkt. 55 at 21-24. Defendant cites the declaration of Anne Fiala, Regional Administrator for the DOC, to support its allegations. Dkt. 55 at 23-24. Defendant also asserts that the Secretary failed to obtain a representative sample. Dkt. 55 at 24-26. Defendant states that DOC's experts have reviewed the Secretary's investigation and concluded that it produced unreliable and misleading results. Dkt. 55 at 25. Finally, the Defendant alleges that the testimony of Exhibit A employees who stated that they were fully paid demonstrates that no reasonable inference can be drawn as to the experience of non-testifying employees. Dkt. 55 at 26.

The Plaintiff states that the "parties have not disclosed trial witnesses yet and thus it is not possible to determine whether those witnesses will be sufficiently representative of those employees who do not testify," and that there is a reasonable inference from the record that the Defendant's records are incomplete. Dkt. 68 at 14-15. The Plaintiff also states that DOC's argument that Plaintiff needs a scientifically valid sample has no support in case law or the Secretary's policies. Dkt. 68 at 17.

The Plaintiff challenges Defendant's reasonable inference argument and accuracy of the representative sample argument. The pleadings and the records indicate that there is a disagreement as to the facts regarding the sample and the testimony by Exhibit A employees.

ORDER - 8

Therefore, summary judgment at this point would be inappropriate, and the Defendant's Motion for Summary Judgment should be denied.

**E. Washington State Constitution**

The Defendant asserts in its Motion for Summary Judgment that any group inference would be inconsistent with the Washington State Constitution. Dkt. 55 at 26. Article VIII, section 5 of the Washington State Constitution states: "The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, [or] company." The Washington Supreme Court laid out a two prong analysis in assessing whether an unconstitutional gift of public funds has occurred: (1) if the funds are being expended to carry out a fundamental purpose of government, and (2) if the expenditures do not fulfill a fundamental purpose of government. *CLEAN v. State*, 130 Wash. 2d 782, 797-98, 928 P.2d 1054 (1996).

In *CLEAN*, the plaintiff filed a suit after the legislature had passed the bill and it was signed by the governor. *CLEAN*, 130 Wash. 2d at 791. The act of passing and enacting the bill created a damage which the plaintiff could act upon. In this case, however, there has been no decision rendered in this case, and therefore, no damages. To even consider this issue, the Court would have to assume that the Plaintiff will prevail in this case and that damages will be awarded to employees for compensation for overtime, whomever they may be. It is too speculative at this stage of litigation to contemplate the issue. This issue is premature and not ripe for decision on summary judgment. Defendant's Motion for Summary Judgment on this issue should be denied.

**F. Minimum Wage Claim**

The Defendant asserts in its Motion for Summary Judgment that any claims or requests for minimum wage violations should be summarily dismissed. Dkt. 55 at 17. The Plaintiff has not alleged in the Complaint that the Defendant violated the minimum wage provision of the FLSA. Dkt. 68 at 22. Therefore, the Defendant's Motion for Summary Judgment on this issue should be granted.

**G. Injunctive Relief**

29 U.S.C § 217 states that the "district court... shall have jurisdiction, for cause shown, to restrain violations of section 15 [29 U.S.C. § 215], including...the restraint of any withholding of

ORDER - 9

payment of minimum wages or overtime compensation found by the court to be due to employees under [the FLSA]." The purpose of 29 U.S.C. § 217's injunction is to correct a continuing offense against the public interest. *Paradise Valley Investigation & Patrol Serv., Inc. v. U.S. District Court, District of Arizona*, 521 F.2d 1342, 1343 (9th Cir. 1975).

The Defendant asserts that there is no evidence that DOC engaged in the type of behavior that suggests the need for injunctive relief. Dkt. 55 at 28. Defendant argues that DOC has complied with the record keeping provision of FLSA, that DOC has demonstrated in the past efforts to comply, that there is no danger of future violations because of DOC's willingness to comply with the law, and that parties seeking injunctive relief must come with clean hands. Dkt. 55 at 27-30. Plaintiff responds that this is the second investigation of DOC where violations of the FLSA have been found, and therefore, injunction is appropriate. Dkt. 68 at 21.

The Court finds that there is a genuine issue of material fact on whether there may be a future violation of FLSA by DOC because there is dispute on the past actions of DOC. Therefore, the Defendant's Motion for Summary Judgment on this issue should be denied.

**H. Waiver and Laches**

It is the duty of management to exercise its control and see that the work is not performed if it does not want it to be performed. 29 C.F.R. § 785.13. It cannot sit back and accept benefits without compensating for them. *Id*. The mere promulgation of a rule against such work is not enough. *Id*. Management has the power to enforce the rule and must make every effort to do so. *Id*. FLSA rights cannot be waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

The Plaintiff asserts that to accept the Defendant's argument that employees waive their right to be properly compensated if they do not submit a request for approval of overtime prior to working ignores the statutory requirements of FLSA. Dkt. 52 at 9. The Defendant responds that there is a genuine issue of material fact whether the employees followed DOC policies and thus whether DOC had actual or constructive knowledge of any alleged uncompensated overtime. Dkt. 66 at 15.

While the Plaintiff does not cite 9th Circuit case law, the Court is persuaded by the Plaintiff's argument. Additionally, the plain reading of the Department of Labor's regulation and *Barrentine* support the Plaintiff's argument that defense of waiver is not allowed. For the foregoing reasons, the Plaintiff's Motion for Partial Summary Judgment regarding Defendant's affirmative defense of waiver should be granted.

The Plaintiff also asserts that summary judgment should be granted in regards to Defendant's affirmative defense of laches. The Defendant responds that the Secretary should not be able to claim a record keeping violation now after having known about the state's method and having failed to pursue it. Dkt. 66 at 16. The doctrine of laches is inapplicable when Congress has provided a statute of limitations to govern the action. *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 586 (9th Cir. 1993). 29 U.S.C. § 255 is the Statute of Limitations section of the FLSA which governs "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages." Since Congress has provided a statute of limitations to govern this action, the defense of laches is inapplicable. Therefore, the Plaintiff's Motion for Summary Judgment regarding Defendant's affirmative defense of laches should be granted.

**I. Motion to Strike**

In the Defendant's Reply in Support of Defendant's Motion for Summary Judgment and in its Response to Plaintiff's Motion for Partial Summary Judgment, it moved to strike several items of information submitted by Plaintiff. The Court did not rely on most of the items the Defendant sought to strike in this order. However, the court did consider Roberta Sondgeroth's testimony, which Defendant sought to strike. The Court is satisfied, at this point in litigation, that Ms. Sondgeroth is competent to testify, that she had personal knowledge, and that the evidence presented would be admissible at trial. Additionally, the Court was able to find adequate support for the decisions in this Order from the record as a whole, and from the pleadings. The Defendant's motions to strike should be denied for the aforementioned reasons.

## III. ORDER

For the foregoing reasons, the Court does hereby find and ORDER:

(1) The Plaintiff's Motion for Partial Summary Judgment (Dkt. 52) is **GRANTED IN PART AND DENIED IN PART** as follows;

    (a) There is a genuine issue of material fact regarding whether Defendant did or did not violate the record keeping provisions set for in 29 U.S.C. § 211; therefore, the Plaintiff's Motion for Partial Summary Judgment on this issue is DENIED;

    (b) There is no genuine issue of material fact regarding Defendant's affirmative defense of laches or Defendant's affirmative defense of waiver; therefore, the Plaintiff's Motion for Partial Summary Judgment on these issues is GRANTED;

(2) The Defendant's Motion for Summary Judgment (Dkt. 55) is **DENIED**; and

(3) The Defendant's motions to strike in its Reply in Support of Defendant's Motion for Summary Judgment (Dkt. 80) and in its Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. 66) is **DENIED**.

DATED this 31st day of August, 2009.

                                                   */s/ Robert J Bryan*
                                                   Robert J Bryan
                                                   United States District Judge