UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS,

Defendant.

Case No. 08-5362RJB

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant's Motion for Reconsideration of Order Denying Motion for Summary Judgment (Dkt.108). The Court has considered the Defendant's filings, the relevant documents, and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2008, the Plaintiff filed a complaint alleging that the Defendant violated provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"). Dkt. 1. On July 21, 2009, the Defendant filed a motion for summary judgment (Dkt. 55). On August 31, 2009, the Court issued an order denying the Defendant's motion for summary judgment (Dkt. 102). On September 15, 2009, the Defendant filed a motion for reconsideration (Dkt. 108).

The Defendant, in its motion for reconsideration, asserted that the Court did not address two issues in the Court's Order. Dkt. 108 at 2. The Defendant first asserts that "despite uncontested evidence that 66 Exhibit A employees worked no uncompensated overtime, the

ORDER - 1

Court did not address DOC's request to dismiss their individual claims and thus committed manifest error." Dkt. 108 at 2:10-12. The Defendant also asserts that 29 U.S.C. §207(k) applies to the activities of Community Corrections Officers ("CCOs"). Dkt. 108 at 2:14-17. The Court will address each issue in turn.

## II. DISCUSSION

Motions for reconsideration are disfavored. Local Rule CR 7(h). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id*.

**A. Exhibit A Employees**

Defendant argues the Court should dismiss the claims of all Exhibit A employees who testified that they worked no uncompensated overtime. Dkt. 108 at 3. Defendant states that the Department of Corrections ("DOC") presented testimony showing that a total of 66 Exhibit A employees stated that they worked no uncompensated overtime. Dkt. 108 at 3:13-19. Defendant states that the Plaintiff did not challenge the accuracy or veracity of any of the sworn declarations, but instead argued that it did not need to address individual claims of Exhibit A employees because it could prove its case through representative testimony. Dkt. 108 at 3:20-24.

First, the Defendant did not seek to dismiss the 66 Exhibit A employees in their summary judgment motion. The first mention of such a request was in their reply to Plaintiff's response. Dkt. 80 at 7:11-16. The Court believes that an ex post argument for relief is inappropriate.

However, the Defendant did argue in its summary judgment motion that it believes that a motion for summary judgment is the appropriate mechanism to dispose of claims brought on behalf of Exhibit A employees. Dkt. 55 at 13:22-24. To support this argument, the Defendant cites *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), which states "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." The Court believes that the case does not support what the Defendant is trying to do in its motion for summary judgment, which is to narrow the number of "claimants" in Exhibit A. The Secretary of the Department of Labor is the named Plaintiff in this case, and she is the

ORDER - 2

one with claims against DOC, not the Exhibit A claimants. *Celotex* stands for disposing of claims, not claimants. Even if the Court were to somehow exclude some of the Exhibit A claimants, the Plaintiff would still have all her claims against the Defendant.

Furthermore, the argument that the Defendant advanced in its summary judgment was within the context of generalizations under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). The Court has already addressed this issue and does not see reason to reconsider the issue. Therefore, for the foregoing reasons, the Defendant's motion for reconsideration as to the Exhibit A employees should be denied.

**B. Law Enforcement Exception**

The Defendant also asserts that the Court should rule that the "law enforcement exception" under section 7(k) of the FLSA applies to CCOs, and therefore those individuals should have their claims excluded under this action.

Even though Plaintiff did not present evidence directly rebutting the Defendant's assertions, the Defendant's evidence is not enough to grant summary judgment. The Defendant relied exclusively on the Declaration of Anne Fiala. Dkt. 55 at 19:2-10. However, Anne Fiala's declaration is largely legal conclusion. Ms. Fiala states:

> CCOs and some CCSs are equivalent to probation and parole officers and are empowered to monitor and supervise the court-ordered terms and conditions of adult offenders' community custody or supervision. They have the authority to conduct searches of offenders and their residences and motor vehicles. They are empowered to carry weapons and to arrest offenders for violations of the terms and conditions of their community custody or supervision. They must maintain defensives tactics qualifications and participate in health and safety, arrest, firearms, and search and seizure trainings [sic], as well as in other forms of on-the-job or in-service training as required by DOC.

Dkt. 57 ¶ 11.

Ms. Fiala's statement cannot be considered fact. Ms. Fiala's first sentence is a conclusion that CCOs and some CCSs are the legal equivalent of probation and parole officers, but she does not present any evidence, and there is no evidence in the record, to support her statement. The second part of the first sentence stating CCOs and some CCSs are "empowered to monitor and supervise the court-ordered terms and conditions of adult offenders' community custody or supervision" is also unsupported and is legal conclusion. Ms. Fiala did not quote or cite a

ORDER - 3

Washington State statute, a Washington Administrative Code section, or even a department regulation which gives "authority" to the CCOs or CCSs. In the second sentence of Ms. Fiala's statement where she states that CCOs and CCSs "have the authority to conduct searches of offenders for violations of the terms and conditions of their community custody or supervision" is likewise unsupported. The Court is uncertain as to who or what gives the CCOs and CCSs "authority" to do what Ms. Fiala claims. The last sentence of Ms. Fiala's declaration states that CCOs and CCSs must maintain defensive tactics qualifications and participate in various training programs, but there are no department policies presented to support the statement, no training manuals, no training syllabuses, no employee records stating that they have undergone such training, or any other documents that support her statement. There are no facts to support Ms. Fiala's conclusory statements that the CCOs and CCSs fall within the legal requirements of section 7(k).

Even if this Court assumes what Ms. Fiala states is correct, the Defendant's argument would fail. Section 7(k) of the FLSA states in part that the law enforcement exception applies to employees who are uniformed or plainclothed members of a body of officers and subordinates who are *empowered by State statute or local ordinance to enforce laws*. 29 C.F.R. 553.211, 29 U.S.C. §207(k). As noted above, the Defendant has failed to show what state statute, local ordinance, administrative code, or department regulation empowers CCOs and CCSs to perform the work that the Defendant claims they perform.

Even if the Court goes so far as to state that the law enforcement exception applies to the CCOs and CCSs, the core issue of whether the DOC violated the overtime provisions covering the CCOs and CCSs still remains. The Defendant in its motion for summary judgment merely argued that "[i]n light of the Section 207(k) standard, [the Plaintiff] must establish that an Exhibit A Employee worked in excess of 43 hours in a seven-day work period before any overtime violation can be established." Dkt. 55 at 20:1-3. However, the Defendant did not present evidence that Exhibit A Employees did not work in excess of 43 hours in a seven-day work period in its summary judgment motion. The Court cannot grant summary judgment when there are no facts, or even facts where a reasonable inference may be had, to support the summary judgment.

ORDER - 4

Finally, it appears that the Defendant's arguments in its summary judgment motion do not challenge the validity of the Plaintiff's claims, but instead it appears that the arguments were intended to limit the scope of the claims by excluding certain personnel from the proceeding. These arguments are premature at this stage of the proceedings.

The Court should deny the Defendant's motion for reconsideration because there was no showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

## III. ORDER

For the foregoing reasons, it is hereby ORDERED that:

The Defendant's Motion for Reconsideration (Dkt. 108) is **DENIED**.

DATED this 6th day of October, 2009.

Robert J. Bryan
United States District Judge