# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS,

Defendant.

Case No. 08-5362RJB

ORDER ON MOTIONS *IN LIMINE*

This matter comes before the court on the Motions *in Limine* referred to below. The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motions.

Preliminary matters. First, the Federal Rules of Evidence govern admissibility of evidence. The court will do its best to follow those rules in ruling on these motions and in conducting the trial. The parties should be aware that the court cannot accurately rule on all evidentiary issues in advance. Many rulings are based on the events of the trial, and many issues can best be resolved at trial rather than preliminarily.

Second, the denial of a motion *in limine* does not mean that the subject evidence will be admissible. It simply means that the court cannot rule on the issue in advance.

ORDER - 1

Third, the granting of a motion *in limine* that excludes evidence often requires a re-examination of the issue due to the events of the trial.

Fourth, many motions in limine to exclude evidence are based upon a lack of discovery. In ruling on such matters, the court needs to be made aware of whether discovery on the questioned evidence was required by Rule 26 (a)(1)(A) and (B) *et seq*, or by the exact language of the request for discovery. Parties are entitled to discovery only in accord with the Federal Rules of Civil Procedure, and they can't expect to know everything before trial. Parties can only expect to know those things that were specifically and properly required or requested in formal discovery.

Fifth, a motion *in limine* for exclusion only attacks an opponent's evidence, not that of the moving party.

<u>Defendant's Motion *in Limine* to Exclude Testimony of Certain Witnesses Identified by Plaintiff (Dkt. 134).</u> The court will address the sub-parts of this motion as they are made in the motion.

**1. The court should exclude testimony from or about the 243 individuals who DOC is now attempting to add to Exhibit A**. At this point, the referenced "243 individuals" are not part of this litigation and have no status or standing in the case, provided, however, that some of them may have been properly identified in discovery and may have some evidence about the claims of the original Exhibit A individuals. These "243 individuals" are not parties to this case, nor do they have claims in it. The court cannot at this point exclude testimony from individual witnesses who may have evidence that is relevant to the issues in the case and that has been properly disclosed in response to discovery standards. Any testimony "from or about the 243 individuals" will be subject to those standards.

**2. The court should exclude testimony from or about any Exhibit A employee for whom no discovery was provided.** This motion should not be granted. The exclusion of a particular witness or testimony from that witness must depend on whether proper disclosure or discovery obligations were not met. The court cannot issue a blanket order because the answers to the issue must be determined on an individual basis.

**3. The court should exclude testimony from any Exhibit A employee in relation to whom plaintiff asserted the informant's privilege and did not waive the privilege prior to the discovery deadline.** In the court's Order on Plaintiff's Motion for Reconsideration and Clarification (Dkt. 103), on September 2, 2009, the court indicated that "at some later time, it may be necessary to match information with informants - if, for example, they testify at trial." It may already be unfairly late, but certainly it is time for full disclosure of discovery directed to informants who may testify. The court cannot judge how prejudicial any late disclosure and discovery may be in the circumstances presented here, but plaintiff's counsel should be aware that they are already risking the availability of the testimony of informants for whom they have not completed discovery.

<u>Defendant's Motion in Limine to Limit Testimony and Provide Other Relief (Dkt. 136).</u> Again, the court will address the sub-parts of this motion as they are made in the motion.

**1. The court should exclude non-party fact witnesses from the courtroom.** This motion should be granted. The order will be that witnesses should be excluded from the courtroom until their entire testimony - including any rebuttal testimony - is completed, and they should be advised by counsel that they should not discuss their testimony with each other before or after they testify. They may, of course, discuss their testimony with counsel at any time.

**2. The court should prohibit plaintiff from introducing or listing testimony about any personal notes or time records from or in relation to plaintiff's witnesses.** Plaintiff acknowledges that she does not intend to offer such evidence at trial (Plaintiff's Response, Dkt. 143 at page 2). It is too early for the court to rule on any presumptions or inferences to be drawn from the existence of or absence of such records.

**3. The court should exclude various reports and presentations plaintiff has identified as exhibits.** It is premature to rule on these exhibits. They have not yet been identified nor a foundation laid for admissibility, and at this point, the court does not have an understanding of what relevance they may have. Accordingly, the motion should be denied.

**4. Expert testimony.** Plaintiff may not offer expert testimony and has agreed that they do not plan to call an expert witness. Ms. Hart's testimony and other lay witnesses will be

ORDER - 3

subject to the Rules of Evidence regarding opinion testimony.  It appears from Exhibit A of the proposed Pretrial Order that Ms. Hart's testimony comes perilously close to opinion evidence that requires expert testimony.  Whether her proposed testimony is over the line or not will be determined at trial.

**5. Evidence regarding representative sampling, survey methodology, extrapolations from raw data, how and when to draw inferences, and what inferences can be drawn in this case.**  Again, some of what plaintiff may wish to offer is perilously close to the requirement for an expert witness.  The limits can best be determined at trial.

**6. Testimony about work activities or hours worked by DOC employees given by Ms. Sondgerath and Ms. Hart.**  Plaintiff acknowledges that such testimony will not be offered for the truth of the matter asserted (Plaintiff's Response (Dkt. 143 at 5).)  Bearing in mind that neither Ms. Songerath nor Ms. Hart are offered as expert witnesses, it is a little hard to understand how the basis for their opinions are relevant.   Neither Evidence Rule 701 nor 703 appear to come into play.  Nevertheless, the court can better rule specifically on the issues raised in this motion at the time of trial, and can only rule now that any testimony based on interviews and employee statements will not be accepted for the truth of the matter asserted.

**7. Testimony about legal compliance, interpretation of the law or legal conclusions.**  This is another circumstance where it is difficult to lay down strict rules in advance.  Plaintiff's witnesses cannot present testimony about legal compliance, interpretation of the law or legal conclusions because those things require expert testimony and are ordinarily left to the judge.  On the other hand, it may be appropriate for them to testify about why they did certain things, which can lead them in to a discussion of their understanding of legal requirements.  Accordingly, the court should defer final ruling on this motion.

**8. The court should prohibit testimony by any fact witness about oral or written statements employees have made about their jobs or work hours.**  The court can better sort out the issues raised in this motion at trial, after hearing testimony regarding foundation and identification, and the relevance of the offer.

**9. Testimony about hours worked or the type of work performed by non-testifying employees.** Some witnesses may have personal knowledge of the work hours of other employees based on first-hand observation, so to grant this motion *in limine* as it is made would be overkill. Any such testimony, however, will be subject to the Rules of Evidence and appropriate foundation. In her response (Dkt. 143 at 7), Plaintiff states that "additionally, plaintiff maintains that she has a right to assert her theory of the case, making this evidence highly relevant." Plaintiff should understand that she has the right to assert her theory of the case, but may only offer evidence supporting her theory if that evidence is within the Federal Rules of Evidence.

**10. The court should prohibit any testimony as to employee activities and hours worked before November 27, 2005, and after November 27, 2007.** This motion should be denied but with the caveat that such testimony will only be admissible if it directly relates to the issues in the case that cover the November 2005 through November 2007 time period.

**11. Testimony about any other or earlier United States Department of Labor investigations of DOC or other state agencies.** According to the proposed Pretrial Order (Dkt. 140) there are issues in this case as to whether DOC acted in good faith and did not willfully violate the law. Prior investigations may or may not be relevant to the issues in this case. Accordingly, this motion should be denied.

Defendant's Motion *in Limine* regarding 29 U.S.C. § 207 (k). The court will hear oral argument on this motion at the time of the Pretrial Conference.

Plaintiff's Motions *in Limine*.

The court will address the sub-parts of this motion as they are made in the motion.

**1. The court should prohibit defendant from presenting any testimony or argument regarding defenses not expressly raised in its Answer to the Complaint, including the defenses of unclean hands and estoppel.** The discreet and specific defenses of unclean hands and estoppel, not having been pled, are not specifically available to the defense at the trial of this matter. On the other hand, there are equitable claims in this case, and the defense may offer evidence of an equitable nature. To rule more specifically at this point as to what testimony or

argument regarding defenses may be presented would only confuse the issues. Accordingly, the motion should be denied.

**2. The court should prohibit defendant from presenting proposed expert testimony on the appropriateness or reliability of the methods used by DOC during the course of its investigation.** This motion should be denied. The admissibility of defendant's proposed expert testimony is dependant upon the plaintiff's case in chief.

**3. The court should prohibit defendant from presenting testimony or evidence regarding DOC guidelines or policies, including training materials and sections of the Field Operations Handbook concerning the conduct of investigations.** Again, the admissibility of defense testimony or evidence regarding DOC guidelines or policies is dependant upon the plaintiff's case in chief. This motion should be denied.

**4. The court should prohibit defendant from introducing declarations or presenting testimony by any fact witness about the content of any declarations that have not been stipulated to by the parties.** This motion can only be resolved by applying the Rules of Evidence to specific evidence offered at trial. The motion is too broad to consider *in limine*. For those reasons, this motion should be denied.

**IT IS SO ORDERED**.

DATED this 29th day of December, 2009.

Robert J Bryan
United States District Judge